**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE SEARCH AND SEIZURE WARRANTS ISSUED ON MARCH 20, 2014 TO WILNEISHA JAKES | MISCELLANEOUS CASE<br><br>NO: 14-1038<br>SECTION: "S" |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Access to Pre-Indictment Search Warrant Materials filed by Priority Care at Home d/b/a ABIDE HOME CARE, INC., Lisa Crinel and Wilneisha Jakes (Doc. #3) is **GRANTED**. The government must produce copies of the affidavits used in support of the search and seizure warrants to petitioners only, but may redact all names from these affidavits that do not appear in the unsealed affidavit filed in support of United States v. $25,343.48 in U.S. Currency, Civil Action No. 14-1163.

### BACKGROUND

Petitioners filed this case seeking access to the affidavit supporting a warrant to search ABIDE's office at 6960 Martine Drive, New Orleans, Louisiana, and the affidavit supporting several warrants to seize various financial accounts belonging to petitioners. After the motion for access to the warrants was filed, the United States filed an in rem action in this district against the seized property, United States v. $25,343.48 in U.S. Currency, Civil Action No. 14-1163. The in rem action is supported by an affidavit. At the court's request, the United States Attorney's Office filed the sealed and unsealed affidavits, along with a comparison of them, into the record, under seal, for the court's in camera review.

**ANALYSIS**

Several district court have held that targets of a search warrant have a pre-indictment right of access to search-warrant materials that is rooted in the Fourth Amendment to the Constitution of the United States. Bennett v. United States, 2013 WL 3821625, at *5 (S.D. Fla. 7/23/2014) (citing In re Search of Up N. Plastics, Inc., 940 F.Supp. 229, 232 (D. Minn. 1996) ("a person whose property has been seized pursuant to a search warrant has a [pre-indictment] right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued; In re Search Warrants Issued on April 26, 2004, 353 F.Supp.2d 584, 591 (D. Md. 2004) (recognizing "a search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit"); In re Search Warrants Issued August 29, 1994, 889 F.Supp. 296, 298 (S.D. Ohio 1995) ("the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed with the Clerk of the Court pursuant to Fed. R. Crim. P. 41").  In Up N. Plastics, 940 F.Supp. at 231, 232-33, the court explained that "[t]he power to seal court records is necessarily limited by the Constitution," and "the Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search."  These courts have held that the pre-indictment right to examine the affidavit is not absolute, and may be limited or completely denied "'upon a showing of a compelling government interest that cannot be accommodated by some means less restrictive than sealing the court's records.'" Bennett v. United States, 2013 WL 3821625, at *5 (quoting Up N. Plastics, 940 F.Supp. at 230).

On the other hand, in <u>In re EyeCare Physicians of Am.</u>, 100 F.3d 514, 517 (7th Cir. 1996), the United States Court of Appeals for the Seventh Circuit held that the Fourth Amendment does not provide a right of access to search warrant affidavits prior to the filing of an indictment:

> No provision of the Fourth Amendment grants a fundamental right of access to sealed search warrant affidavits before an indictment. We are convinced that a proper reading of Rule 41([i])[1] does not include a constitutional right of access to sealed warrant affidavit, but rather provides an administrative framework for the exercise of the common law right of access.

The court found that the subject of the warrant's "right of access to the warrant affidavit is a general right held by all persons unless circumscribed by a specific court order" sealing it, and that Rule 41(i) "facilitates observance of th[e common law] right by directing the judicial officer to file all papers relating to the search warrant in the clerk's office." <u>Id.</u> The district court must use its discretion to weigh the respective parties' rights to determine whether unsealing is justified, and must "consider the potential adverse consequences of granting immediate access to the warrant affidavits." <u>Id.</u> at 517-18.

In this case, whether the right to access is cognizable under the Fourth Amendment or common law, a weighing of the parties' interests favors disclosing redacted versions of the search and seizure warrant affidavits. The unsealed affidavit filed in support of <u>United States v. $25,343.48 in U.S. Currency</u>, Civil Action No. 14-1163, contains much of the same information as the sealed search and seizure warrant affidavits. One material difference, is that the names of witnesses are

---

[1] The version of Rule 41(g) in effect in 1996 "direct[ed] the magistrate judge to file all papers in connection with the seizure of property with the clerk of the district court." <u>In re EyeCare Physicians of Am.</u>, 100 F.3d at 517 n. 4. In the current version of Rule 41, subsection (i) states that: "[t]he magistrate judge to whom the warrant is returned must attach to the warrant a copy of the return, of the inventory, and of all other related papers and must deliver them to the clerk in the district where the property was seized." FED. R. CRIM. P. 41(i).

redacted from the unsealed affidavit, and petitioners agree that the names should remain redacted. In this case, unlike many cited by the government, there is no indication that revealing the information in the sealed affidavits, other than the names, would prejudice the government's ongoing investigation. Because petitioners have access to much of the information in the sealed affidavits, except for specific names, by virtue of the unsealed one, and keeping the names of witnesses and other individuals involved in the investigation secret is important to the government's investigation at this juncture, the court finds that production of copies of the search and seizure warrant affidavits to petitioners with the names redacted is appropriate in this case.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Access to Pre-Indictment Search Warrant Materials filed by Priority Care at Home d/b/a ABIDE HOME CARE, INC., Lisa Crinel and Wilneisha Jakes (Doc. #3) is **GRANTED**. The government must produce copies of the affidavits used in support of the search and seizure warrants to petitioners only, but may redact all names from these affidavits that do not appear in the unsealed affidavit filed in support of <u>United States v. $25,343.48 in U.S. Currency</u>, Civil Action No. 14-1163.

New Orleans, Louisiana, this  9th  day of June, 2014.

*[signature]*

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**